UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MAURICE BOYKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:23-cv-00046-JPH-MJD |
| | ) |
| WARDEN, | ) |
| OII SUPERVISOR HERE AT W.V.C.F, | ) |
| CLASSIFICATION SUPERVISOR HERE | ) |
| AT W.V.C.F, | ) |
| SYNDER, | ) |
| STUPPY, | ) |
| | ) |
| Defendants. | ) |

**ORDER DISMISSING THE COMPLAINT AND PROVIDING
OPPORTUNITY TO AMEND**

Maurice Boykins, a prisoner at Wabash Valley Correctional Facility, brings this lawsuit alleging violations of his civil rights. Because Mr. Boykins is a prisoner, the Court must screen his complaint before directing service on the defendants. As explained below, the complaint is **dismissed for failure to state a claim upon which relief may be granted**. Mr. Boykins may seek to avoid dismissal of the action by filing an amended complaint within **21 days of the issuance of this Order**. Failure to meet this deadline will result in dismissal of the action without further warning or ability to show cause.

**I.
Screening Standard**

The Court must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine

whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II.
## The Complaint

Mr. Boykins states that he was previously incarcerated in a prison in Virginia or West Virginia. (Docket Entry 2 at 1-2). He was transferred to Indiana for safety reasons. *Id.* At Wabash Valley Correctional Facility, there is allegedly a "conspiracy and constant plot against [him]," and officials refuse to transfer him to another facility. *Id.* at 3. He has been "label[ed] a snitch" by the staff and someone has "fabricated documents alleging [he] told on a guy about a murd[er] in 2008 and is allegedly having it sent to other people." *Id.* at 4.

The complaint makes the follow specific allegations against the named defendants:

- **Lt. Stuppy**: Mr. Boykins sent him grievances, but Lt. Stuppy ignored them, and Mr. Boykins was assaulted. *Id.* at 2.

- **Deputy Warden**: On January 23, 2023, Mr. Boykins told the Deputy Warden that he had been assaulted four days earlier; the Deputy Warden told Mr. Boykins to "take it up with the building Lieutenant Stuppy." *Id.* at 2.

- **OII Supervisor**: Mr. Boykins has been "making [the OII Supervisor] aware of everything that's been going on [and he] refuse[s] to step in even worse refusing to come review and investigate a retaliatory act of violence against [him] that resulted in moderate/severe injuries what could have been avoided if they would have act[ed] on my plea for help." *Id.* at 3.

- **Classification Supervisor**: Mr. Boykins asked to be transferred to a safer prison, but the Classification Supervisor told him that he would "have to go a year charge free before [he] can be transferred." *Id.* at 3.

- **Jerry Snyder**: Mr. Snyder was "suppose[d] to be looking into [Mr. Boykins'] transfer[] to another prison here in Indiana that's more cultur[ally] advance[d]." *Id.* at 2.

### III.
### Discussion

Mr. Boykins may have a viable Eighth Amendment failure to protect claim against one or more defendants. However, the complaint as it is currently

3

presented does not contain sufficient factual allegations to state a claim, and the complaint must be **dismissed**.

To state a failure to protect claim, the complaint must allege facts from which a court could conclude that Mr. Boykins faced a substantial risk of serious harm and that the defendants knew of and disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A generalized risk of violence is not enough, for prisons are inherently dangerous places. *Brown v. Budz,* 398 F.3d 904, 909, 913 (7th Cir. 2005); *Riccardo v. Rausch,* 375 F.3d 521, 525 (7th Cir. 2004). Instead, Mr. Boykins must allege a tangible threat to his safety or well-being. *Grieveson v. Anderson,* 538 F.3d 763, 777 (7th Cir. 2008); *Billman v. Indiana Dep't of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (noting distinction between actual and feared exposure). Such a threat must reflect that he is subject to a substantial risk of serious harm. *Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001); *Henderson v. Sheahan,* 196 F.3d 839, 846–847 (7th Cir.1999). A substantial risk of serious harm is one in which the risk is "so great" that it is "almost certain to materialize if nothing is done." *Brown*, 398 F.3d at 911. "[T]he conditions presenting the risk must be 'sure or very likely to cause . . . needless suffering,' and give rise to 'sufficiently imminent dangers.'" *Baze v. Rees*, 553 U.S. 35, 50 (2008) (Roberts, C.J., plurality opinion) (quoting *Helling v. McKinney*, 509 U.S. 25, 33, 34–35, (1993)).

The complaint alleges that Mr. Boykins is generally in danger at his prison, that he "sent many grievances" to Lt. Stuppy; that he has "been making [the OII Supervisor] aware of everything that's been going on"; and that he has been

4

"label[ed] as a snitch." These general allegations do not suggest that any defendant had actual knowledge that Mr. Boykins was "almost certain" or "very likely" to suffer a serious harm. For example, the complaint does not describe what Mr. Boykins wrote in his grievances to Lt. Stuppy or what specific facts the OII Supervisor was made aware of.

Further, to the extent that Mr. Boykins seeks damages over prison officials' failure to investigate a past assault or process his grievances, the Court notes this conduct is not, in and of itself, actionable. "[T]he Constitution does not require officials to investigate or otherwise correct wrongdoing after it has happened." *Garness v. Wis . Dep 't of Corr.*, 2016 WL 426611, at *2 (W.D. Wis. Feb. 3, 2016) (citing *Whitlock v. Brueggemann*, 682 F.3d 567, 588-89 (7th Cir. 2012); *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). Similarly, interference with the grievance process or failing to follow the prison's grievance policy does not, by itself, violate the Constitution. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

As explained below, Mr. Boykins will have an opportunity to amend his complaint before this action is dismissed. If he chooses to file an amended complaint, Mr. Boykins should provide as much detail as he can remember about what he told the defendants about threats to his safety, what specific actions the defendants took or failed to take in response to hearing about those threats, and how their failure to review his grievances or investigate past assault put him at

5

a substantial risk of serious harm. Mr. Boykins may attach any written grievances he submitted as exhibits to his amended complaint.

## IV.
## Opportunity to Amend

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the court will allow plaintiff to amend his complaint if, after reviewing this court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

**Mr. Boykins has 21 days from the issuance of this Order to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form.

6

The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order.

Any amended complaint should have the proper case number, 2:23-cv-00046-JPH-MJD, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the Mr. Boykins files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED**.

Date: 5/24/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MAURICE BOYKINS
285506
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only