UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MAURICE BOYKINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 2:23-cv-00046-JPH-MJD ) |
| WARDEN FRANK VANIHEL, CHARLENE A. BURKETT, | ) ) ) ) |
| Defendants. | ) |

**ORDER DENYING MOTION FOR ASSISTANCE RECRUITING COUNSEL**

Plaintiff Maurice Boykins has filed a motion for assistance recruiting counsel. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Walker*, 900 F.3d at 938 (internal quotations omitted). These questions require an

1

individualized assessment of the plaintiff, the claims, and the stage of litigation. The Seventh Circuit has specifically declined to find a presumptive right to counsel in some categories of cases. *McCaa v Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt,* 503 F.3d 647, 653 (7th Cir. 2007); *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because neither of the plaintiff's requests for counsel showed that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion) (citing *Pruitt,* 503 F.3d at 654–55 (7th Cir. 2007) (en banc); *Romanelli v. Suliene*, 615 F.3d 847, 851–52 (7th Cir. 2010) (explaining that the denial of a motion to recruit counsel was justified by the district court's finding that the plaintiff had not tried to obtain counsel)).

To decide the second question, the Court considers "'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Olson*, 750 F.3d at 712 (quoting *Pruitt,* 503 F.3d at 655).

To facilitate the process of evaluating requests for counsel, the Court has prepared a form motion for indigent litigants seeking the appointment of counsel. The form requests the information necessary for the Court to determine the merits of the motion and requires the litigant to acknowledge important conditions of the appointment of counsel.

Mr. Boykins' motion for assistance recruiting counsel, dkt. [6], is **denied without prejudice** because it does not provide sufficient information to make a determination on the merits or acknowledge the conditions of the appointment of counsel. For example, it does not address any prior cases he may have filed or other assistance that may be available to him. The **clerk is directed** to send Mr. Boykins a motion for assistance recruiting counsel form, which he must use if he chooses to renew his motion.

**SO ORDERED**.

Date: 7/12/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MAURICE BOYKINS
285506
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only