UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MAURICE BOYKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-00046-JPH-MJD |
| | ) | |
| WARDEN, | ) | |
| OII SUPERVISOR HERE AT W.V.C.F, | ) | |
| CLASSIFICATION SUPERVISOR HERE | ) | |
| AT W.V.C.F, | ) | |
| SYNDER, | ) | |
| STUPPY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING AMENDED COMPLAINT AND DIRECTING
SERVICE OF PROCESS**

Maurice Boykins, a prisoner at Wabash Valley Correctional Facility, brings
this lawsuit alleging violations of his civil rights. Because Mr. Boykins is a
prisoner, the Court must screen the amended complaint before directing service
on the defendants. 28 U.S.C. § 1915A.

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is
frivolous or malicious, fails to state a claim for relief, or seeks monetary relief
against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).
To determine whether the amended complaint states a claim, the Court applies
the same standard as when addressing a motion to dismiss under Federal Rule
of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir.
2020). Under that standard, the amended complaint must include "enough facts

to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

The amended complaint names the following defendants: (1) OII Supervisor here at W.V.C.F.; (2) Classification Supervisor; (3) Unit Team Manager Snyder; (4) Counselor Mills; (5) Charlene A. Burkett; (6) Kevin Gilmore.

The amended complaint makes the following allegations. After Mr. Boykins filed grievances at his Virginia prison, members of a Virginia prison gang "put a hit on him," and he was transferred to an Indiana prison for safekeeping. (Docket Entry 15 at 2) (cleaned up). He is currently at Wabash Valley Correctional Facility. (*Id.*).

A member of the Virginia prison gang is now at Mr. Boykins' Indiana prison. (*Id.* at 3). The OII Supervisor is aware of this but has refused to look into the matter or transfer Mr. Boykins to another prison. (*Id.*). Mr. Boykins does not want OII to issue a "keep separate" order, because he does not want this prisoner to know that he is in Indiana. (*Id.* at 9). Another prisoner found Mr. Boykins' grievance raising issues about his safety and labeled him a "snitch." (*Id.* at 11). Mr. Boykins is now the target of other prison gang members in Indiana. (*Id.*).

Mr. Boykins has asked to be put in protective custody or be transferred to another prison, but the defendants have refused this request. (*Id.* at 8-13). In making these requests, he told all defendants about the prison gang member from Virginia. (*Id.*). He also told Ms. Burkett about the threats from prison gang members in Indiana. (*Id.* at 8, 13).

The amended complaint does not allege that Mr. Boykins has been physically harmed at his facility. The Virginia prison gang member does not know that Mr. Boykins is in Indiana. (*Id.* at 3). Some prisoners have verbally threatened to harm Mr. Boykins and told him that he is not safe anywhere in Indiana. (*Id.* at 11).

In this lawsuit, Mr. Boykins seeks a Court order transferring him to another prison or placing him in protective custody. (*Id.* at 4). He also requests damages "for every day he wakes up in fear that some type of abuse or harm will occur." (*Id.*) (cleaned up).

### III. Discussion

Applying the screening standard set forth in the amended complaint, some claims are **dismissed** and other claims **shall proceed**.

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify

the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The amended complaint seeks to bring claims for "failure to protect" in violation of the Eighth Amendment. To state a failure to protect claim, the amended complaint must allege facts from which a court could conclude that he faces a substantial risk of serious harm and that the defendants knew of and disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A generalized risk of violence is not enough, for prisons are inherently dangerous places. *Brown v. Budz*, 398 F.3d 904, 909, 913 (7th Cir. 2005); *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004). Instead, Mr. Boykins must allege a tangible threat to his safety or well-being. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008); *Billman v. Indiana Dep't of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (noting distinction between actual and feared exposure). Such a threat must reflect that he is subject to a substantial risk of serious harm. *Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001); *Henderson v. Sheahan*, 196 F.3d 839, 846–847 (7th Cir.1999). A substantial risk of serious harm is one in which the risk is "so great" that it is "almost certain to materialize if nothing is done." *Brown*, 398 F.3d at 911. "[T]he conditions presenting the risk must be 'sure or very likely to cause . . . needless suffering,' and give rise to 'sufficiently imminent dangers.'" *Baze v. Rees*, 553 U.S. 35, 50 (2008) (Roberts, C.J., plurality opinion) (quoting *Helling v. McKinney*, 509 U.S. 25, 33, 34–35, (1993)).

The amended complaint fails to state a failure to protect claim based on the alleged risk of assault from the former Virginia prisoner who is now

incarcerated at Mr. Boykins' Indiana prison. Mr. Boykins claims that he is at a substantial risk of assault from this prisoner, but the amended complaint states that this prisoner is not even aware that Mr. Boykins is in Indiana. (Docket Entry 15 at 3). While there might be a potential threat to Mr. Boykins' safety if this prisoner eventually becomes aware of this fact, the amended complaint does not raise a reasonable inference that at this time, serious physical harm is "almost certain to materialize if nothing is done." *Brown*, 398 F.3d at 911. Accordingly, all claims based on these allegations are **dismissed**.

Liberally construed, the amended complaint alleges that Mr. Boykins is at a substantial risk of serious harm from other prison gang members in Indiana now that he has been labeled a "snitch." The amended complaint alleges that he has told the Indiana Department of Correction's ombudsman, Charlene Burkett, about these threats, but that she has not acted within her authority to put him in protective custody or otherwise keep him safe from assault. (Docket Entry 15 at 8, 13). By statute, the ombudsman is "approved by the bureau to investigate and resolve complaints regarding the health and safety of any person, and violations by the department of specific laws, rules, or written policies." Ind. Code § 11-11-1.5-2.

Based on these allegations, Mr. Boykins' Eighth Amendment failure to protect claim **shall proceed**. His claim for damages **shall proceed** against Ms. Burkett in her individual capacity. His injunctive relief claim **shall proceed** against Wabash Valley Correctional Facility Warden Frank Vanihel, in his official

capacity, because Warden Vanihel is best positioned to provide Mr. Boykins with his requested relief.[1]

This summary includes all viable claims identified by the Court. If Mr. Boykins believes his amended complaint contains additional viable claims, he may file a notice identifying those claims **within 21 days of the issuance of this Order**.

### IV. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Charlene A. Burkett and Frank Vanihel in the manner specified by Rule 4(d). Process shall consist of the amended complaint, dkt. [15], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the defendants electronically.

The **clerk is directed** to add Charlene A. Burkett and Warden Frank Vanihel as defendants on the docket, and to terminate all other defendants on the docket.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

---

[1] 42 U.S.C. § 1997e(e) provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." The statute may limit the type of damages that Mr. Boykins could recover in this lawsuit, but it does not prevent his claims from going forward. *See Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019) (citing *Calhoun v. DeTella*, 319 F.3d 939, 940-43 (7th Cir. 2003) (holding that prisoners may recover nominal and punitive damages on Eighth Amendment claims despite lack of physical injury or showing of commission of sexual act)).

Mr. Boykins has filed three motions seeking to revoke his consent to E-Filing service. These motions, dkts. [16], [17], and [18] are **granted**. The **clerk shall** update the docket to reflect that Mr. Boykins is no longer consenting to E-Filing service.

**SO ORDERED**.

Date: 7/12/2023

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MAURICE BOYKINS
285506
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S Old US Highway 41
Carlisle, IN 47838

Electronic Service to the following IDOC Defendants
Frank Vanihel (Wabash Valley)
Charlene A. Burkett (Indianapolis)