UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MAURICE BOYKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:23-cv-00046-JPH-MJD |
| ) | |
| FRANK VANIHEL Warden, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION
AND TEMPORARY RESTRAINING ORDER**

Plaintiff Maurice Boykins, an Indiana Department of Correction ("IDOC") inmate,[1] has filed a motion for preliminary injunction and temporary restraining order. Dkt. 71. This is the third time Plaintiff has requested such relief during the course of this action, each time alleging that he is unsafe being either in "ordinary" segregation or general population while in prison and requesting placement in protective custody for an indefinite period of time. *See* dkts. 23, 34, 48. The Court previously denied such requests. Dkts. 43, 57.

The Court recruited counsel to assist and represent Plaintiff in this matter, after reconsidering its previous denial of Plaintiff's motion requesting counsel. Dkt. 69. However, Plaintiff filed his current motion pro se, after counsel had been recruited and her appointment became effective. For this reason alone, Plaintiff's current motion is subject to denial. Although the Court "has discretion to read and act on pro se filings by represented litigants [it] is not obliged to do so."

---

[1] Plaintiff was convicted of crimes by the State of Virginia and transferred to IDOC custody to serve his sentence.

*United States v. Blount*, 93 F.4th 1063, 1065 (7th Cir. 2024). "A litigant represented by counsel . . . cannot simultaneously represent himself." *Id.*

The Court reminds Plaintiff of his obligations in accepting counsel that it has recruited on his behalf, including that although Plaintiff sets the objectives of the litigation, it is usually counsel's choice as to the strategies used to accomplish those objectives. Also, Plaintiff must fully cooperate with recruited counsel, and if he does not do so, recruited counsel may withdraw.

Second, the Court notes that as screened, Plaintiff's action is currently proceeding for injunctive relief only against Defendant Frank Vanihel, Warden of Wabash Valley Correctional Facility, "because Warden Vahinel is best positioned to provide Mr. Boykins with his requested relief." Dkt. 20, pp. 5-6.[2] However, Plaintiff is no longer incarcerated at Wabash Valley, having been transferred from there to New Castle Correctional Facility in January 2024. Thus, Plaintiff's present request for injunctive relief against Defendant Vanihel is now moot. "An inmate's transfer from the facility complained of moots the equitable and declaratory claims unless his return to the facility is certain." *Howe v. Godinez*, 558 F. Supp. 3d 664, 667 (S.D. Ill. 2021) (citing *Ortiz v. Downey*, 561 F.3d 664 (7th Cir. 2009); *Preiser v. Newkirk*, 422 U.S. 395, 401–04 (1975)). The Court offers no opinion on the status of this claim going forward. However, as currently

---

[2] The Court also allowed a claim for damages only to proceed against IDOC ombudsman Charlene Burkett based on her statutory authority "to investigate and resolve complaints regarding the health and safety of any person, and violations by the department of specific laws, rules, or written policies" under Ind. Code § 11-11-1.5-2. Dkt. 20, p. 5.

pled and allowed to proceed by the Court at screening, Plaintiff cannot seek preliminary injunctive relief against Defendant Vanihel, and there is no other named party against whom such relief could be obtained.

Plaintiff's motion for a preliminary injunction and temporary restraining order, dkt. [71] is **denied without prejudice**.

**SO ORDERED.**

Date: 5/13/2024

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

MAURICE BOYKINS
285506
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362