UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MAURICE BOYKINS, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:23-cv-00046-JPH-MJD |
| FRANK VANIHEL Warden, CHARLENE A. BURKETT, | ) |
| Defendants. | ) |

**ORDER DENYING MOTION TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

Plaintiff Maurice Boykins has filed a motion for leave to proceed on appeal without prepayment of the appellate fees of $605.00. Dkt. 124. As an initial matter, the Court notes that Mr. Boykins has not demonstrated that he qualifies to proceed *in forma pauperis* because he did not attach a statement of his inmate trust account transactions as required by 28 U.S.C. § 1915(a)(2). Ordinarily, the Court would provide Mr. Boykins time to supplement his motion by submitting a copy of his trust account activities, but that step is unnecessary in this case.

"An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Good faith" within the meaning of § 1915 is judged by an objective, not a subjective, standard. *See Thomas v. Zatecky*, 712 F.3d 1004, 1006 (7th Cir. 2013) (stating that bad faith is a phrase that is understood to mean objective frivolousness). An appeal is frivolous and cannot proceed in good faith if "no reasonable person could suppose [it] to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

1

It is not entirely clear which order of this Court Mr. Boykins is attempting to appeal. In his notice of appeal, he refers to an order issued on July 22, 2024, which was the Magistrate Judge's vacating of a settlement conference after it became clear that Mr. Boykins no longer wished to be represented by recruited counsel. *See* dkts. 122, 98. In his docketing statement, Mr. Boykins refers to an order issued on July 26, 2024, which was the Court's order granting recruited counsel's motion to withdraw and declining to recruit a different attorney to represent him. *See* dkts. 123, 101. Mr. Boykins's motion to proceed on appeal *in forma pauperis* also refers to the withdrawal of recruited counsel and the Court's refusal to recruit a different attorney to represent him. *See* dkt. 124 at 1.

In any event, the Court has not entered a final judgment as to any claims in this case. *See* Fed. R. Civ. P. 54(b). "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Id.* Because the Court has not adjudicated all claims against all parties, the orders Mr. Boykins seems to want to appeal are not final orders but interlocutory orders. Courts of Appeals "have jurisdiction of appeals from all final decisions of the district courts." 28 U.S.C. § 1291. By contrast, the Courts of Appeals have automatic jurisdiction over appeals from only select categories of interlocutory orders (including none of the orders Mr. Boykins challenges). 28 U.S.C. § 1292(a). They do not have jurisdiction over appeals from other types of

2

interlocutory orders unless the District Court certifies the issue for interlocutory appeal, which this Court has not done. 28 U.S.C. § 1292(b). *Cf. Barnes v. Black*, 544 F.3d 807, 810 (7th Cir. 2008) (citing *Randle v. Victor Welding Supply Co.*, 664 F.2d 1064, 1066–67 (7th Cir. 1981) (per curiam)) (dismissing appeal of district court denial of motion for appointment of counsel under 28 U.S.C. § 1915(e)(1) for lack of appellate jurisdiction because ruling was nonfinal and nonappealable).

Furthermore, the Court previously denied Mr. Boykins's motion for an extension of time to file an appeal, pointing out that any such appeal would be from interlocutory orders. Dkt. 120. Thus, Mr. Boykins's current notice of appeal would also be untimely.

In short, Mr. Boykins seeks to appeal decisions which, by law, he cannot yet appeal. "There is no reason why obviously frivolous appeals," which are "bound to be dismissed as soon as the appellate judges get hold of them, should have to be authorized by the district judge." *Lee*, 209 F.3d at 1027.

Mr. Boykins's appeal is not taken in good faith. His motion to proceed *in forma pauperis* on appeal, dkt. [124], is **denied**.

**SO ORDERED.**

Date: 10/22/2024

James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

All ECF-registered counsel of record via email

MAURICE BOYKINS
285506
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362