UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MAURICE BOYKINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:23-cv-00046-JPH-MJD ) |
| FRANK VANIHEL Warden, et al., | ) ) |
| Defendants. | ) |

**ORDER ADDRESSING MOTIONS CHALLENGING FINAL JUDGMENT**

In this Order, the Court addresses Plaintiff Maurice Boykins's post-judgment motions challenging this Court's grant of summary judgment in favor of Defendants. *See* dkts.176, 177, 180. The Court also will rule in this Order on Mr. Boykins's "Motion to Address Unconstitutional Deduction of Funds by Courts," dkt. 175, and his "Submission to Clerk," docketed as a "Motion for Court Assistance," dkt. 192. By separate orders the Court will address Defendants' bill of costs and Mr. Boykins's response to it, dkts. 163, 178, and Mr. Boykins's filings related to the appeal he has filed in this matter, dkts. 193, 194, 197.

**I. Background**

Mr. Boykins is an inmate from Virginia serving his sentence through the Indiana Department of Correction ("IDOC"). He was incarcerated at Wabash Valley Correctional Facility when the case began, was transferred to New Castle Correctional Facility while the case was proceeding, and was transferred to Pendleton Correctional Facility shortly after final judgment was entered.

1

Mr. Boykins alleged in this lawsuit that Defendants Wabash Valley ex-Warden Frank Vanihel and IDOC Ombudsman Charlene Burkett were disregarding his requests to put him in protective custody at Wabash Valley. Specifically, Mr. Boykins claimed that he was under threats from various gang members, though there were no allegations that he had ever been assaulted. As screened by the Court, this case was proceeding on Eighth Amendment claims for damages against Ombudsman Burkett and for injunctive relief only against Warden Vanihel. Dkt. 20 at 5-6.

On February 24, 2025, the Court granted summary judgment in favor of Warden Vanihel and Ombudsman Charlene Burkett. Dkt. 161. As to Warden Vanihel, it was undisputed by Mr. Boykins, in his own cross-motion for partial summary judgment, that he was no longer entitled to pursue an injunctive relief claim against him—which was the only claim proceeding against him—because Mr. Boykins had been moved to New Castle and such a claim was moot. *Id.* at 12-13.

As to Ombudsman Burkett, the Court concluded she was entitled to qualified immunity. *Id.* at 9-12. The Court noted that it had received no response to Defendants' summary judgment motion and so Mr. Boykins had provided no authority to suggest Ombudsman Burkett should not be entitled to qualified immunity. *Id.* at 11. The Court went on to explain that "[m]oreover, the designated evidence shows that Ombudsman Burkett lacked the authority and ability to take any direct or mandatory action to remedy [Mr. Boykins's] situation." *Id.*

On March 13, the Court received a "Letter to Clerk" from Mr. Boykins, signed on March 11. Dkt. 166. In it, Mr. Boykins asserted that he had just learned of the grant of summary judgment while on Lexis-Nexis, and that he had in fact mailed a response to Defendants' summary judgment motion and had documentation to prove that he did. None of this documentation was attached to the letter. This letter did not request any relief, but said that "there are some corrupt people in yall courtroom . . . ." *Id.*

On July 2, the Court received Mr. Boykins's "Motion for Reconsideration," which was signed on July 1. Dkt. 176. It also asserted that he had in fact attempted to send a response to Defendants' summary judgment motion, and also had attempted to send several post-judgment motions that also were not filed. There were no attachments to this filing.

On July 8, the Court received a "Motion to Correct Error" from Mr. Boykins. Dkt. 177. However, this document is in fact the March 13 "Letter to Clerk," except that it also has "Motion to Correct Error" written under "Letter to Clerk." *Id.*

On July 10, the Court received documents from Mr. Boykins that were docketed as a "Motion for Court Assistance." Dkt. 180. The actual title Mr. Boykins used was, "Motion to have all missing motions place on docket readdress and investigated and whatever appropriate actions courts deem necessary" and it was signed July 8. *Id.* There are a number of attachments to this filing. One of them appears to be a New Castle law library mail request form dated October 24, 2024. It shows Mr. Boykins requesting to mail out four different items on this

3

date, one of which was listed as "Plaintiff Motion in Opposition to Defendants Motion for Cross Summary Judgment" in this case. Dkt. 180-1 at 6. Mr. Boykins has also attached what he asserts is the summary judgment response brief, with attachments, that he sent to the Court on that date. *Id.* at 15-57.

On November 7, Mr. Boykins filed a notice of appeal from the Court's summary judgment ruling. Dkt. 195.

## II. Discussion

Mr. Boykins's filings at dkts. 176, 177, and 180 collectively are best construed as a motion or motions for relief from judgment under Fed. R. Civ. P. 60(b), given that they were filed more than 28 days after final judgment was entered. *See Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014) ("When a motion is filed more than 28 days after the entry of judgment, whether the movant calls it a Rule 59(e) motion or a Rule 60(b) motion, we treat it as a Rule 60(b) motion."). A Court may grant relief from judgment for any of the six listed reasons, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is an "extraordinary remedy . . . granted only in exceptional circumstances." *Davis v. Moroney*, 857 F.3d 748, 751 (7th Cir. 2017).

"In addition to a particular ground for relief under Rule 60(b), a movant must demonstrate a meritorious claim or defense." *Cade Roney v. Indianapolis Power & Light Co.*, 317 F.R.D. 79, 83 (S.D. Ind. 2016) (citing *Breuer Electric Mfg.*

4

*Co. Toronado Systems of America, Inc.*, 687 F.2d 182, 185 (7th Cir. 1982)). "This is so because Courts considering motions for relief from judgment must be cognizant of the necessity of balancing the judicial system's interest in reaching substantively correct results against its interest in upholding the validity and finality of judgments." *Id.* (citing *Dickman v. Kramer*, 980 F.2d 733 (7th Cir. 1992)).

The Court will assume that Mr. Boykins did in fact attempt to timely mail a summary judgment response, and that the fact the Court did not receive it was the result of "inadvertence" or "excusable neglect." The Court has reviewed the response, however, and concluded that it fails to provide a basis for second-guessing the summary judgment order. As to Warden Vanihel, Mr. Boykins has not attempted to argue that he was not entitled to summary judgment based on the mootness of the injunctive relief claim.

Mr. Boykins does contend that his summary judgment response would have caused a different result as to Ombudsman Burkett. The Court disagrees. As noted in the summary judgment order, when the qualified immunity defense is raised, it is a plaintiff's burden to defeat it. Dkt. 161 at 11 (citing *Smith v. Finkley*, 10 F.4th 725, 737 (7th Cir. 2021)). Even in Mr. Boykins's summary judgment response brief that he allegedly tried to send to the Court, he provides no relevant authority for the proposition that an ombudsman for a correctional department, who is not actually employed by the department and has no authority to directly supervise correctional employees and no authority to direct whether an inmate is placed in protective custody, can be held liable under 42

5

U.S.C. § 1983 for failing to change the inmate's placement. The only cases he cites deal with alleged violations of the Fourth Amendment: *Pearson v. Callahan*, 555 U.S. 223 (2009) (searches), and *Frazell v. Flanigan*, 102 F.3d 877 (7th Cir. 1996) (excessive force). They do not provide any basis for defeating Ombudsman Burkett's qualified immunity defense. Additionally, Mr. Boykins has not rebutted the Court's description of the nature of Ombudsman Burkett's position and the extent of her authority. None of the evidence or arguments made in Mr. Boykins's brief contradict the conclusion that she lacked the ability to take direct action to change his housing situation at Wabash Valley.

In sum, Mr. Boykins's motions to reconsider or vacate judgment do not demonstrate that he would have had a successful response to Defendants' summary judgment motion. Mr. Boykins's motions are **DENIED**. Dkts. [176], [177], [180].

### III. Conclusion

In addition to denial of the above motions, the Court also summarily **DENIES** the "Motion to Address Unconstitutional Deduction of Funds by Courts." Dkt. [175]. Mr. Boykins filed the identical motion in several cases. The reasoning behind denial of the motion may be found in *Boykins v. Belcher et al.*, No. 1:25-cv-00056-RLY-MJD, dkt. 22.

Finally, the Court summarily **DENIES** the "Motion for Court Assistance" at dkt. [192], which appears to seek identifying information about Court personnel.

Last, Mr. Boykins is advised that he is obligated to ensure that every filing he presents to the Court is made for a proper purpose and advances nonfrivolous

6

arguments. Future filings that do not meet this standard may result in the imposition of sanctions, such as monetary fines, dismissal of cases, and a bar against filing papers in this Court.

**SO ORDERED.**

Date: 11/24/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

MAURICE BOYKINS
285506
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only